RECEIVED
IN LAKE CHARLES, LA.

OCT 21 2010

TONY R. MOORE, CLERK
BY _____ DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| JAMI L. THOMPSON | : | DOCKET NO. 2:10 CV 0043 |
| VS. | : | JUDGE MINALDI |
| FOREMOST INSURANCE COMPANY | : | MAGISTRATE JUDGE KAY |

## MEMORANDUM ORDER

Before the Court is a Motion to Dismiss for Failure to Prosecute/Comply with a Court Order, or, alternatively, a Motion to Compel Deposition Testimony, filed by the defendant, Foremost Insurance Company ("Foremost") [doc. 17]. The plaintiff, Jami L. Thompson, did not file an Opposition.

## FACTS

On November 20, 2009, Ms. Thompson filed a lawsuit in state court against her insurer, Foremost, for personal property damages allegedly caused by a fire in her mobile home.[1] Foremost removed the lawsuit to this Court on January 11, 2010.[2] In its answer, Foremost denied coverage for any personal property damages under the terms and conditions of Ms. Thompson's insurance policy.[3] At the discovery stage of the litigation, Foremost sought to depose Ms. Thompson. A deposition was purportedly necessary to clarify contradictory personal property submissions presented to Foremost by Ms. Thompson before she filed her lawsuit.[4] In

---

[1] Notice of Removal, Jan. 1, 2010, Ex. 2 [doc. 1].

[2] Notice of Removal.

[3] Def.'s Answer [doc. 3].

[4] Def.'s Br. Mot. to Dismiss 3 [doc. 17].

accordance with the Federal Rules of Civil Procedure, Foremost scheduled a deposition with Ms. Thompson.

Ms. Thompson, however, failed to appear for her scheduled depositions. First, on July 30, 2010, she failed to appear, and her attorney, Mr. Bruce Jones, could not confirm that his client would appear. Second, on August 20, 2010, she again failed to appear for her pre-scheduled deposition. In addition to apprising her of the deposition date via certified mail, Foremost, through an agent, personally served a subpoena on her on July 29, 2010. In its subpoena, Foremost specifically stated that it will seek dismissal of this case if she failed to attend.[5] After she failed to appear for the deposition, Foremost filed this motion requesting the court to dismiss the action for failure to comply with the court ordered deposition.[6] Ms. Thompson did not file a response.

Just days after Foremost filed this motion, Magistrate Judge Kathleen Kay granted Mr. Jones' request to withdraw as counsel for Ms. Thompson. Ms. Thompson did not appear for this hearing even though the Court specifically required her to appear. As a result, Judge Kay, by letter, informed Ms. Thompson that she was required to appear before the Magistrate Judge so that she could be informed of her responsibilities as a *pro se* litigant. The judge further cautioned that her failure to appear on the date and time specified will result in a Report and Recommendation that her claim be dismissed with prejudice.[7] That letter was initially returned as undeliverable. The letter was re-sent to a corrected address provided on the letter itself.[8]

---

[5] Def.'s Br. Mot. to Dismiss 3-5.

[6] Def.'s Mot. to Dismiss.

[7] Order Granting Mot. to Withdraw as Attorney Sept. 9, 2010.

[8] Ms. Thompson did not provide a corrected address. [docs. 20-21 & 23-24]

Despite receiving notice of the hearing date, Ms. Thompson, once again, did not appear for the required hearing.[9]

Foremost requests this Court to dismiss Ms. Thompson's lawsuit as a sanction under Rule 37(b) or for failure to prosecute under Rule 41(b). It argues that dismissal is appropriate since Ms. Thompson has been ordered to appear for a deposition numerous times and has still failed to appear. In the alternative, Foremost asserts that an order compelling Ms. Thompson to appear for a deposition is appropriate.

## ANALYSIS

Under Federal Rule of Civil Procedure 26(b)(1), "[p]arties may obtain discovery regarding any matter, not privileged that is relevant to the claim or defense of any party." If a party refuses to cooperate in the discovery process by, for instance, failing to attend a scheduled deposition, "a party may move for an order compelling . . . discovery," upon notice to the other parties and all affected persons. Here, there a motion to compel is warranted. Foremost, however, principally requests this Court to dismiss the action pursuant to Rule 37(b) and Rule 41(b).

Rule 37 of the Federal Rules of Civil Procedure authorizes the court to order dismissal of a party's claims for failure to obey discovery orders of the court. Fed. R. Civ. P. 37(a) (2010). It is, however, the most extreme sanction provided for in the rule, and the Supreme Court has emphasized caution:

> . . . Rule 37 should not be construed to authorize dismissal of [a] complaint because of petitioner's noncompliance with a pretrial [discovery] order when it has been established that failure to comply has been due to inability, and not to willfulness, bad faith, or any fault of petitioner.

---

[9] Mins. Sept. 23, 2010 [docs. 25-26].

3

*Societe Internationale Pour Participations Industrielles et Commerciales v. Rogers*, 357 U.S. 197, 212 (1958). This sanction should be exercised only in exceptional circumstances. *Callip v. Harris Cty. Child Welfare Dept.*, 757 F.2d 1513 (5th Cir. 1985).

"Where this circuit has approved dismissal as a sanction imposed under Rule 37, [the] plaintiff's failure to comply with discovery has involved either repeated refusals or an indication of full understanding of discovery obligations coupled with a bad faith refusal to comply." *Griffin v. Aluminum Co. of America*, 564 F.2d 1171, 1172 (5th Cir. 1977). As the Fifth Circuit reasoned: "The rule is designed to empower the court to compel production of evidence by the imposition of reasonable sanctions. The court, however, should not go beyond the necessities of the situation to foreclose the merits of controversies as punishment for general misbehavior." *Dorsey v. Academy Moving & Storage, Inc.*, 423 F.2d 858, 860–861 (5th Cir. 1970). Generally, dismissal as a sanction is appropriate after the court has "warned [the non-compliant party] of a possible sanction." *See Ins. Corp. of Ireland, Ltd. v. Campagnie des Bauxites de Guinee*, 456 U.S. 694, 708 (1982); *Nat. Hockey League v. Metropolitan Hockey Club, Inc.*, 427 U.S. 639, 641 (1976) (quoting the district court's emphasis that the non-compliant party failed to supplement interrogatory answers on the date required "in the face of warnings that their failure to provide certain information could result in the imposition of sanctions under Federal Rule of Civil Procedure 37").

Similarly, Federal Rule of Civil Procedure 41(b) provides that a court may, in its discretion, dismiss a plaintiff's action for failure to prosecute or for failure to comply with the Federal Rules of Civil Procedure or any order of the court. Fed. R. Civ. P. 41(b) (2010); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962). Courts are given the power to invoke this sanction to prevent undue delays in the disposition of pending cases and to avoid congestion in the

calendars of the district courts. *Link*, 370 U.S. at 629. Like Rule 37(b), the district court's power to dismiss for want of prosecution should be used sparingly, although it may be exercised *sua sponte* whenever necessary to achieve the orderly and expeditious disposition of cases. *Ramsay v. Bailey*, 531 F.2d 706, 708 (5th Cir. 1976), *cert. denied*, 429 U.S. 1107 (1977).[10]

Where (1) there is a significant period of total inactivity by the plaintiff, (2) the plaintiff fails to adhere to repeated warnings that a dismissal will result from continued failure to proceed, or (3) the plaintiff fails to obey court rules and court orders, dismissal is appropriate. *Id.* at 707; *Larson v. Scott*, 157 F.3d 1030 (5th Cir. 1998) (dismissing case under Rule 41(b) when plaintiff failed to comply with court order despite the court's warning that failure to comply would result in dismissal); *Murrah v. Fire Ins. Exch.*, 480 F.2d 613, 613 (5th Cir.1973); *Byrd v. Harris*, 2005 WL 1994263 (S.D. Tex. 2005) ("Defendant's failure to keep this court informed of his address is in itself a basis for dismissal"); *Reyes v. U.S.*, 2003 WL 292159 (N.D. Tex. 1/31/2003) (dismissing action after the plaintiff failed to supply address after the court warned the plaintiff of possibility of dismissal). While the delay warranting dismissal is generally substantial, even a relatively brief period of delay is "sufficient to justify the district court's [dismissal]." *Ash v. Cvetkov*, 739 F.2d 493, 497 (9th Cir. 1984); *Harrelson v. United States*, 613 F.2d 114, 116 (5th Cir. 1980). Of course, a period of total inactivity by the plaintiff is only one factor to consider when determining whether a case should be dismissed for failure to prosecute.

Per Local Rule 41.3 dismissal for failure to prosecute "shall be without prejudice unless delay has resulted in prejudice to the opposing party." Similar to the standard under Rule 37,

---

[10] To the extent that conduct justifying dismissal occurred after the defendant filed its motion to dismiss, this motion shall be considered a *sua sponte* motion for dismissal by this Court. Furthermore, "a District Court may dismiss a complaint for failure to prosecute even without affording notice of its intention to do so or providing an adversary hearing before acting." *Link*, 370 U.S. at 633.

5

> [d]ismissals with prejudice for failure to prosecute are proper only where (1) there is a clear record of delay or contumacious conduct by the plaintiff and (2) the district court has expressly determined that lesser sanctions would not prompt diligent prosecution, or the record shows that the district court employed lesser sanctions that proved to be futile.

*Stearman v. Comm'r*, 436 F.3d 533, 535 (5th Cir. 2006) (per curiam), *cert. denied*, 547 U.S. 1207 (2006) (internal citations omitted); *see also Roger v. Kroger Co.*, 669 F.2d 317, 323 (5th Cir. 1982) (noting that lesser sanctions include, among others, explicit warnings); *Ramsay*, 531 F.2d at 709 n. 2 ("a proper sanction for a failure to respond to a motion to dismiss [is] for the trial court to decide the motion on the papers before it"). A clear record of delay or contumacious conduct warrants dismissal with prejudice where other aggravating factors are present, such as "(1) delay caused by the plaintiff (as opposed to counsel), (2) actual prejudice to the defendant, or (3) delay as a result of intentional conduct." *Stearman*, 436 F.3d at 535; *see also John v. Louisiana*, 828 F.2d 1129, 1131 (5th Cir. 1987) (explaining that it is not a party's careless or inconsiderate negligence that renders conduct contumacious but "the stubborn resistance to authority" that justifies a dismissal with prejudice).

For instance, in *Wright v. Robinson*, 113 Fed. Appx. 12 (5th Cir. 2004), the Fifth Circuit considered whether dismissal with prejudice was appropriate. In *Wright*, the plaintiff's case was dismissed:

> for failure to prosecute and for failure to obey an order that granted defendants' motion to compel [plaintiff] to respond to discovery requests and submit to a deposition. [Plaintiff] had failed to respond to discovery requests. In addition, her initial attorney, Caldwell, was forced to transfer the case to another lawyer because Caldwell had been barred from practicing law. Thereafter, [plaintiff] failed to respond to attempts to contact and communicate with her made by Labovitz, her new attorney. Consequently, he resigned, whereupon the magistrate judge found that [plaintiff] lost interest in the suit.

*Id.* at 14.[11]

The Magistrate Judge had previously granted the defendants' motion to compel and ordered the plaintiff to respond to a written discovery request and submit to a deposition. *Id.* The court warned the plaintiff that failure to follow the court order would subject her to the sanctions under Rule 37 and 41. *Id.* at 14-15. After the plaintiff failed to follow the court order, the defendants moved to dismiss with prejudice. *Id.* at 15. "The court found that [plaintiff] had lost interest in the lawsuit," and granted the motion to dismiss with prejudice. *Id.*

The Fifth Circuit reviewed the dismissal with prejudice, noting that affirmation of the lower court's order is appropriate where "(1) there is a clear record of delay or disobedient conduct by the plaintiff and (2) the district court has expressly determined that lesser sanctions would not prompt diligent prosecution, or (3) the record shows that the district court employed lesser sanctions that proved to be futile." *Id.* (citing *Callip*, 757 F.2d at 519).

The Fifth Circuit found that it was not an abuse of discretion to dismiss the case with prejudice. *Id.* at 16. The court noted that the plaintiff had failed to respond to communications attempted by her attorney and did not respond or object to the motion to withdraw submitted by her attorney. *Id.* Additionally, the court noted that the plaintiff "failed to cooperate in the discovery process, causing defendants irrefutable harm in failing to gather evidence. The record demonstrate[d] that [the plaintiff] therefore intentionally contributed to the delay that caused actual prejudice to the defendants." *Id.*

---

[11] This Court recognizes that according to Rule 47.5.4 of the Fifth Circuit Rules, unpublished opinions are not precedent. This case, however, is used as an example of how the Federal Rules of Civil Procedure and Fifth Circuit precedent applies to analogous facts.

7

Although dismissal of Ms. Thompson's lawsuit under Rule 37 is not appropriate, dismissal is appropriate solely under Rule 41(b).[12] As the Supreme Court noted, "the failure to appear at a pretrial conference may, in the context of other evidence of delay, be considered by a District Court as justifying a dismissal with prejudice." *Link*, 370 U.S. at 635. Here, there is a clear record of willful, disobedient conduct and delay capped by a failure to appear at a mandatory pre-trial conference.

While the delay is not as lengthy as most cases, there has been a significant period of total inactivity furthered by non-compliance with court rules and court orders. *See, e.g., Price v. McGlathery*, 792 F.2d at 474 (finding delay of just over ten months, in part, warranted dismissal of action under Rule 41(b) and also finding a record of delay and contumacious conduct where counsel (1) failed to file a pre-trial order, (2) failed to appear at a pre-trial conference, and (3) failed to certify that he could comply with the district court's order). For instance, since filing her complaint over ten months ago, the only interest Ms. Thompson demonstrated in this case is her attorney's appearance at a single scheduling conference. She has not only failed to participate in discovery, like the plaintiff in *Wright*, without providing any justification for her absence, the only motions that this Court may possibly attribute to Ms. Thompson are her attorney's two motions to withdraw as counsel. 113 Fed. Appx. at 15. She further failed to attend the mandatory hearing for her attorney's second motion to withdraw, and she has neither filed an Opposition to this Motion to Dismiss nor responded to Foremost's request to continue

---

[12] Dismissal is not appropriate under Rule 37 because Ms. Thompson was not informed by the court that her failure to attend the August deposition would result in dismissal of her suit. Generally, a litigant must receive warning from the Court that dismissal may result from willful non-compliance with a discovery order. *See, e.g., Wright*, 113 Fed. Appx. at 12-14.

8

the pre-trial conference and trial.[13] On September 23, 2010, she additionally failed to appear at a mandatory hearing before Judge Kay. The record also reflects that she failed to apprise this Court of a change in address. *See* LR 41.3 ("The failure of an attorney or pro se litigant to keep the court apprised of an address change may be considered cause for dismissal for failure to prosecute when a notice is returned the court for the reason of an incorrect address and no correction is made to the address for a period of 30 days"); *see also Reyes*, 2003 WL 292159 at *1 (holding that plaintiffs failure to inform the court of his change of address warranted dismissal for want of prosecution).

Ms. Thompson also refused to adhere to repeated warnings that a dismissal will result from continued failure to comply with court orders. She had been warned that her failure to submit to a deposition may result in dismissal of her lawsuit. Just as the magistrate judge warned the plaintiff in *Wright*, Ms. Thompson also failed to appear to the most recent pre-trial hearing in the face of possible dismissal of her lawsuit. Despite these warnings, she has avoided her litigation responsibilities. 113 Fed. Appx. at 15.

Further sanctions, moreover, will not prompt diligent prosecution. For example, before the most recent deposition, Foremost cautioned Ms. Thompson that her failure to attend will result in it seeking dismissal of her lawsuit. Likewise, she ignored Judge Kay's warning by failing to attend the mandatory hearing on September 23, 2010. She has further failed to respond to this Motion to Dismiss. In every instance of willful disobedience of her litigation responsibilities, she has provided no justification for her absence. Just as the Fifth Circuit noted in *Wright*, Ms. Thompson's intentional avoidance of all litigation obligations demonstrates a

---

[13] Of note, she failed to physically appear at her attorney's first motion to withdraw as counsel, although ordered to appear by Judge Kay. When it was evident that she would not show, Judge Kay called her, and she participated by telephone. Order Granting Mot. to Withdraw First Mot. to Withdraw as Attorney June 3, 2010.

9

complete lack of interest in her lawsuit. *Wright*, 113 Fed. Appx. at 16. Accordingly, any lesser sanction, including a motion to compel, would prove futile. .

The presence of aggravating factors further favors dismissal with prejudice. First, Ms. Thompson solely caused the delay. *See Stearman*, 436 F.3d at 537 (finding that because plaintiff "was *pro* se, he was . . . personally responsible for the delay"). Second, the record reflects that her actions have delayed the litigation to the prejudice of Foremost. Foremost has a right to gather evidence to defend itself in this lawsuit. By failing to appear for her pre-scheduled depositions, Ms. Thompson intentionally delayed the proceedings, causing irrefutable harm to Foremost in its ability to timely litigate the dispute and gather needed evidence to defend itself. *See e.g., Edwards*, 864 F. Supp. at 637-38 (finding that inability to engage in discovery prejudiced the defendant in presenting an adequate defense). Finally, her absence was the result of intentional conduct. She failed to appear at every pre-trail conference or deposition where her presence was required. While her actions could be considered grossly negligent had she provided some justification for her absence, her failure to provide any reason for her absence reflects "the stubborn resistance to authority" that justifies a dismissal with prejudice. *John*, 828 F.2d at 1132; *see also Price*, 792 F.2d at 475 (finding that failure to explain absence supported holding that delay was intentional). As a result, dismissal of Ms. Thompson's lawsuit is appropriate.

IT IS ORDERED that Ms. Thompson's is to receive notice that her action will be DISMISSED WITH PREJUDICE pursuant to this Order. The clerk shall send two copies of this opinion by regular mail to Ms. Thompson at PO Box 1423 Dequincy, LA 70533-1423 and 150 Duby Ln., Sulfur, LA 70663;

IT IS FURTHER ORDERED that Ms. Thompson shall be allowed 30 calendar days from mailing of the notice to file evidence of good cause for her failure to act;

IT IS FURTHER ORDERED that if no response is received within the allotted time, then the clerk shall dismiss Ms. Thompson's lawsuit.

Lake Charles, Louisiana, this 20 day of October 2010.

Copies mailed - ms thompson

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE